IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMIE M. HOLLY,

        Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

_____

Civ. No. 6:15-cv-02266-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Jamie Michele Holly brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons stated below, the Commissioner's decision is REVERSED and REMANDED for an immediate award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for disability insurance benefits, alleging disability as of December 15, 2008. Tr. 195-200. The claim was denied initially and on reconsideration. Tr. 144-160. A hearing was held before an ALJ on March 21, 2014. Tr. 28. After the hearing, Plaintiff amended her alleged onset date to March 3, 2009, the date of her surgery. Tr. 10, 212. On April 11, 2014, the ALJ issued a decision denying Plaintiff's claim. Tr. 7-27. Plaintiff requested review of the hearing decision which was denied by the Appeals Council on September 30, 2015 making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000) (when evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision). A reviewing court, however,

"cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). A court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

### I. ALJ's Decision

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. *Id.*

Here, the ALJ found at step one of the sequential analysis that Plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date. Tr. 12. At step two, the ALJ found Plaintiff suffered from the following severe impairments: cervical and lumbar spine degenerative disc disease, a history of rotator cuff tear with arthroscopic surgery, bipolar disorder, adjustment disorder with mixed anxiety and depressed mood, and borderline intellectual functioning. *Id*. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Between steps three and four, the ALJ found that retains the residual functional capacity to perform light work, but is precluded from doing any lifting,

reaching, pushing or pulling with the right upper extremity above shoulder level. Tr. 15. She can perform simple, repetitive, routine tasks with no more than occasional interaction with supervisors, coworkers, and the general public. *Id*. At step four, the ALJ concluded that Plaintiff is unable to perform past work, but at step five, found plaintiff to retain the ability to work as a sorter, assembler, or folder. Tr. 21-22.

## II. Issues raised by Plaintiff

Plaintiff challenges the ALJ's findings on five main points: (1) the ALJ erred in his consideration of the medical opinions; (2) the ALJ failed to give clear and convincing reasons for failing to credit Plaintiff's testimony; (3) the ALJ erred in finding that Plaintiff's intellectual limitations do not meet the criteria of Listing 12.05C; (4) the ALJ erred in failing to credit the lay evidence; and (5) the Commissioner failed to meet her burden of proving that Plaintiff retains the ability to perform "other work" in the national economy. Because the Court finds that the ALJ erred in failing to find Plaintiff disabled under Listing 12.05C, the Court does not address Plaintiff's other allegations of error.

## III. Plaintiff's intellectual limitation under the Criteria of Listing 12.05C

To establish disability under Listing 12.05C, a claimant must satisfy the diagnostic criteria in the introductory paragraph as well as the criteria in paragraph C. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet Listing 12.05C, a claimant must show that they have (1) a significantly subaverage general intellectual functioning; (2) with deficits in adaptive behavior initially manifested during the developmental period (before age 22); (3) a valid verbal, performance, or full scale IQ of 60 to 70 inclusive; and (4) a physical or other mental impairment imposing additional and significant work-related limitations of function. Impairment Listings, 20

C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.05 C. Plaintiff was found to have satisfied the criteria (1), (3) and (4), but not criteria (2).

Plaintiff challenges the ALJ's findings that there was not sufficient evidence indicating a deficit in adaptive functioning that initially manifested during the development period (criteria 2). Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting. DSMIV-TR, pp. 41-42. The ALJ relied on the following facts in finding no deficit in adaptive functioning prior to age 22: plaintiff did not receive special education services while in school; plaintiff left school in the 11th grade due to pregnancy; plaintiff later earned her GED; and plaintiff has historically performed substantial gainful activity for many years as an offbearer, a position that requires a specific vocational preparation (SVP) of 2. Tr. 15, 45, 69, 370, 568

Plaintiff argues that the record contains other credible circumstantial evidence that may be used to demonstrate deficits in adaptive functioning initially manifested during the developmental period before age 22. *McGrew v. Comm'r*, No. 3:13-cv-01909-SI, 2015 WL 1393291, *5 (D. Or. 2015). Relevant circumstantial evidence may generally include difficulties with reading and writing, attendance of special education classes, and dropping out of school. *Id.* (internal citations omitted). Plaintiff points out that Dr. Colistro reviewed Ms. Holly's school records and noted she performed marginally. Tr. 568. Plaintiff was required to repeat kindergarten because she lacked the verbal skill and was observed to be reluctant interacting around strangers. *Id.* Because of learning difficulties, she struggled throughout her primary and secondary school years, graduating from junior high with a 1.8 GPA. *Id.* Plaintiff stated her poor performance in school was due to attention problems. Tr. 372. Plaintiff points out that her utility

payments are handled by her mother, and that she receives significant assistance from her sister and mother with household chores, child care, and reminders and instructions. Tr. 62-4, 66.

Listing 12.05 requires that the *onset* of adaptive functioning deficits occur before age 22, but the paragraph does not specifically confine the analysis only to the time period before age 22. *McGrew v. Comm'r, supra*, 2015 WL 1393291, *6. In other words, a claimant must demonstrate current deficits in adaptive functioning initially manifested before age 22. The purpose of this prong is not to measure the deficits' severity, but to determine if a qualifying intellectual disability exists, a condition that is innate, rather than a condition resulting from a disease or accident in adulthood. *Id*. at *5. The only remaining issue here is whether plaintiff has a deficit that manifested before age 22. Evidence used to reach this determination may be circumstantial. *Id*. at *6. Dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history are circumstantial evidence demonstrative of adaptive functioning deficit. *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1011–12 (D. Or. 2011); *Gomez v. Astrue,* 695 F.Supp.2d 1049, 1058–59 (C.D. Cal. 2010). It is sufficient that the record contain "some evidence" that permits "an inference that the impairment existed before age [twenty-two] and is not of recent origin due to a traumatic event or some other changed circumstance." *Gomez*, 695 F.Supp.2d at 1060 (citing *Markle v. Barnhard,* 324 F.3d 182, 188–89 (3rd Cir. 2003).

As a whole, the record here reflects that Plaintiff has suffered from impaired intellectual functioning throughout her life. Her condition appears to be innate, as opposed to a condition resulting from a disease or accident in adulthood. Evidence of mild retardation in adulthood, without evidence of some intervening organic brain damage, is sufficient circumstantial evidence that plaintiff carried this trait with her from childhood. Her poor performance in school and the fact she was held back a grade as a small child further confirm this fact. Perhaps in a perfect

world the plaintiff would have been enrolled in special education and her school would have

charted her progress or lack of progress for the purpose of our record. But the world is not

perfect. Children with intellectual deficits are passed through despite failing grades and children

who are no longer capable of facing the increasing challenges of a learning environment will find

themselves in difficult circumstances that lead them to drop out of school.  The mere fact that

plaintiff managed to get a GED, without knowing more about the circumstances of how readily

or easily it was obtained, does not lessen the fact that her educational history was one of failure.

Her bad grades and bad decisions regarding her education, coupled with evidence of early

childhood intervention, are consistent with a lifetime deficit in adaptive functioning. The

evidence in the record demonstrates that Plaintiff satisfies the criteria Listing 12.05C. Because

the Commissioner's decision that Plaintiff does not meet Listing 12.05C is not supported by

substantial evidence, the ALJ's finding of non-disability is reversed.

## IV Remedy

The available remedy is succinctly described by the Court in *McGrew v. Colvin*, *supra*,

No. 3:13-cv-01909-SI, 2015 WL 1393291, *5 (D. Or. 2015): Within the Court's discretion under

42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of

benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted).

Although a court should generally remand to the agency for additional investigation or

explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v.*

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the

utility of further proceedings. A remand for an award of benefits is appropriate when no useful

purpose would be served by further administrative proceedings or when the record has been fully

developed and the evidence is insufficient to support the Commissioner's decision. *Id* at. 1100.

The ALJ erred in concluding that Plaintiff does not satisfy the requirements of Listing 12.05C. When a claimant does suffer from impairments listed in section 12.05(C), they must be found disabled regardless of age, education, and work experience. *Fanning v. Brown*, 827 F.2d 631, 634 (9th Cir. 1987). Because the ALJ accepted evidence that demonstrates that Plaintiff meets all prongs of Listing 12.05C, the correct application of the listing would require the ALJ to find Plaintiff disabled. A remand of further proceedings would therefore serve no useful purpose. The Court reverses the Commissioner's decision and remands for an immediate award of benefits

## **CONCLUSION**

The Commissioner's decision is REVERSED and REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

DATED this 30th day of March, 2017.


_____/s/Michael J. McShane_____
Michael J. McShane
United States District Judge